**IGNACIA S. MORENO**
*Assistant Attorney General, ENRD*
**STACEY H. MITCHELL**
*Chief, Environmental Crimes Section*
**JAMES B. NELSON**
*Trial Attorney*
*Environmental Crimes Section*

**WENDY J. OLSON** *(ISB# 7634)*
*United States Attorney*
**MICHAEL J. FICA** *(ISB# 5634)*
*Assistant United States Attorney*
*801 E. Sherman, Room 192*
*Pocatello, ID 83201*
*(208) 478-4166*
*FAX : (208) 478-4175*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>SIDNEY R. DAVIS,<br><br>  Defendant. | Case No.  CR-10-211-E-BLW<br><br><br>**GOVERNMENT'S MOTION TO TRANSFER VENUE AND EXCLUDE NEWLY-RAISED DEFENSE TO COUNTS THIRTEEN, FOURTEEN, AND FIFTEEN.** |

The United States of America, by and through United States Attorney Wendy J. Olson and undersigned counsel, respectfully moves the Court to transfer venue from Pocatello to Boise for trial. The bases for the Government's motion are as follows.

RELEVANT FACTS

On August 25, 2010, the Grand Jury returned an eleven-count Indictment charging Defendant with Conspiracy, Lacey Act violations, Mail Fraud and Wire Fraud. (Document 1). Each of those counts relate to Defendant's operation of an unlicensed outfitting and guiding

business at the Trail Creek Lodge in Soda Springs, Idaho.  On September 28, 2010, the Grand Jury returned a Superseding Indictment which charged Bankruptcy Fraud, Asset Concealment, and making False Declarations under penalty of perjury to the original eleven counts.  (Document 4).  Jury trial is scheduled for June 6, 2011, in Pocatello.

ARGUMENT

1.   Trial Venue Should Be Transferred to Boise Due To Prejudicial, Extra-Judicial Statements By Defendant and Defense Counsel.

Federal Rule of Criminal Procedure 18 provides that "[T]he government must prosecute an offense in a district where the offense was committed.  The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." FED. R. CRIM. P. 18.  Defendant's interest in being tried in the courthouse nearest to his home does not govern the venue determination.  See, e.g., Platt v. Minnesota Mining & Manuf. Co., 376 U.S. 240, 245-46 (1964).

This case was brought in the Pocatello Division, because that is the nearest Courthouse to the locus delicti of the crimes charged.  However, the Government recently became aware that Defendant and his counsel recently made certain statements to the press.  John O'Connell, Facing Fraud Trial: Soda hunting lodge manager faces 12 federal counts May 9, IDAHO STATE JOURNAL, Apr. 3, 2011, at A1, A6.  (Attachment 1).[1]  In the article, Defendant, and his counsel, commented on nearly every count in the Superseding Indictment.  Those quotes and comments could only

---

[1] Both Defendant's and defense counsel's statements in this article are admissible under FED. R. EVID. 801(d)(2)(A), and the Government hereby gives notice of its intent to offer those statements as evidence during its case-in-chief.  United States v. Matlock, 415, U.S. 164, 172 (1974); United States v. Warren, 25 F.3d 890, 895 (9th Cir. 1994).

**GOVERNMENT'S MOTION TO TRANSFER VENUE AND EXCLUDE NEWLY-RAISED DEFENSE AS TO COUNTS THIRTEEN, FOURTEEN, AND FIFTEEN.**       -2-

have been intended to prejudice the potential jury pool for this trial and, as such, trial should be transferred to Boise -- which is outside the circulation of the IDAHO STATE JOURNAL.

Specifically, Defendant is quoted in the article as stating that the case is the culmination of a "witch hunt" by the Idaho Department of Fish & Game, and that "This started for me in 1993 and its been a battle ever since . . . There's other people that didn't want to allow me to have this business." Id. At A6. Defense counsel added "How the government comes to the conclusion [that Defendant provided outfitting and guiding services] was a mystery to us. . . Sid has friends he hunts with. At no point did they perceive he was a guide or outfitter." Id. Defense noted that she considers the bankruptcy matters to have been resolved in the bankruptcy court, and then added, gratuitously, that "We have not engaged in prenegotiations to any serious degree because the allegations are meritless."[2] Id.

Initially, these statements verify that the Defense intends to raise the "Idaho Department of Fish & Game Framed Me" defense at trial. See Government's Motion *In Limine* to Exclude Certain Defenses At Trial (Document 20) at 2-4. As noted in the Government's Motion *In Limine*, this defense is irrelevant as to the crimes charged and, as such, would confuse the jury as to the actual issues at trial. Id. at 3. Moreover, this "defense" consists entirely of self-serving fiction, and its only possible relevance would be in support of an improper, nullification defense. Id. The statements cited above indicate that the Defense intends to begin its nullification defense before the jury is even empaneled.

---

[2] Both controlling law, and the Government's discovery in this case, demonstrate the folly of counsel's statement. However, the greater concern to the Government is its ability to sit an impartial jury drawn from a pool of readers of the IDAHO STATE JOURNAL whom counsel has deliberately misinformed about the facts and the law.

**GOVERNMENT'S MOTION TO TRANSFER VENUE AND EXCLUDE NEWLY-RAISED DEFENSE AS TO COUNTS THIRTEEN, FOURTEEN, AND FIFTEEN.     -3-**

Extra-judicial statements by attorneys are prohibited precisely because such statements carry a substantial risk of tainting the jury pool and prejudicing the trial. IDAHO R. PROF. COND. 3.6(a). Such statements are prohibited because "litigants are entitled to have their cases decided by 'impartial jurors . . . based on material admitted into evidence before them in a court proceeding.'" Standing Committee on Discipline of U.S. Dist. Court for Cent. Dist. of California v. Yagman, 55 F.3d 1430, 1443 (9th Cir. 1995) (quoting Gentile v. State Bar of Nevada, 501 U.S. 1030, 1070 (1991)); see also Bridges v. California, 314 U.S. 252, 271 (1941) (noting that "[L]egal trials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper").

The statements cited above further the fiction that the Indictment resulted from a Government conspiracy rather than Defendant's own, long-standing refusal to obey the law. By causing these statements to be circulated to the potential jury pool a month before the then-scheduled trial date, Defendant and his counsel ensured that their nullification defense would be fresh on the minds of the panel even if the Government's motion *in limine* is granted and the defense is excluded from trial. In so doing, Defendant and his counsel tainted the potential jury pool in Pocatello and the surrounding areas, where the IDAHO STATE JOURNAL is circulated. As the Court is aware, the potential jury pool for the Pocatello Division is limited. As such, the risk of taint extends beyond actual readers of the IDAHO STATE JOURNAL but also to word-of-mouth recitations of the statements.

The Ninth Circuit has noted that a change of venue is appropriate where, as here, the prejudicial, pre-trial publicity is centered in a specific location. Levine v. U.S. Dist. Court for

**GOVERNMENT'S MOTION TO TRANSFER VENUE AND EXCLUDE NEWLY-RAISED DEFENSE AS TO COUNTS THIRTEEN, FOURTEEN, AND FIFTEEN.**    -4-

Cent. Dist. of California, 764 F.2d 590, 600 (9th Cir. 1985). Transferring venue to the Boise Division, and inquiring as to pre-trial publicity during *voir dire*, is necessary in this case to ensure a fair trial and avoid any possibility that potential jurors have been improperly influenced.

2.  Even if Venue is Not Transferred, Defendant Should be Precluded From Arguing that the Bankruptcy Counts Were Resolved in the Civil Bankruptcy Proceeding.

According to the IDAHO STATE JOURNAL article, "McGovern considers the bankruptcy matters to have been resolved civilly in bankruptcy court." O'Donnell, Facing Fraud Trial, at A6. This statement raises issues concerning the completion of the crime as well as matters that the Ninth Circuit has held not to be defenses to bankruptcy crimes. The charged bankruptcy crimes in this case were completed long before the matters were "resolved civilly in bankruptcy court," and civil resolution is no defense to bankruptcy fraud. Counsel's inaccurate statement quoted by the press is potentially fatal to a fair jury selection process in the area of its dissemination, and it would be equally damaging to allow counsel to make the same or similar mis-statements to jurors during voir dire or during trial.

   A.  The charged bankruptcy crimes were complete long before the civil process resolved harm caused by Defendant's fraudulent conduct.

The Ninth Circuit has long recognized that a crime is complete when each of the offense elements has occurred. United States v. Smith, 740 F.2d 734, 736 (9th Cir 1984); see also United States v. Lopez, 484 F.3d 1186, 1192 (9th Cir. 2007). Defendant is charged in the Superseding Indictment with three separate bankruptcy offenses, including a fraud scheme in Count Thirteen, asset concealment in Count Fourteen and in Count Fifteen with making false declarations under penalty of perjury in various disclosures or by omissions in his bankruptcy documents.

**GOVERNMENT'S MOTION TO TRANSFER VENUE AND EXCLUDE NEWLY-RAISED DEFENSE AS TO COUNTS THIRTEEN, FOURTEEN, AND FIFTEEN.        -5-**

The fraud scheme charged Count Thirteen was complete no later than June 2, 2008, the date the fraud scheme is alleged to have been executed by defendant's filing of an Amended Schedule F in his bankruptcy case.  United States v. DeSantis, 237 F.3d 607, 613 (6th Cir. 2001).

Asset concealment charged in Count Fourteen was complete as early as the date the bankruptcy was filed, but in any case no later than March 6, 2006, when discharge was ordered in the bankruptcy.  18 U.S.C. § 3284; United States v. Wagner, 382 F.3d 598, 606-10 (6th Cir. 2004) (the charge could be filed on the bankruptcy filing date when the duty to disclose attached); United States v. Nunez, 419 F. Supp. 2d, 1258, 1268 (S. D. Cal. 2005) (since concealment is a continuing offense for purposes of the statute of limitations it *may* not be complete until the date of discharge).

Defendant filed his bankruptcy petition, schedules of assets and liabilities on October 14, 2005.  He received a discharge of debts five months later on March 16, 2006.  The trustee in the case moved to reopen the case almost a full year later, on February 12, 2007, after he learned of an undisclosed asset that is charged in Count Fourteen of the Superseding Indictment.  The civil process thus only began to resolve the concealment and fraudulent omissions the defendant had made in his case a year after discharge had been entered.

The trustee wasn't able to settle the claim that prompted him to reopen the case until another year later, in March 2008 for a sum that only distributed to creditors much later.  The trustee filed suit to recover another asset the defendant is charged with having concealed, five acres of real property and a hunting lodge on it, in November 2008, which matter the trustee did not settle until April 2009.  The bankruptcy case was not finally closed until January 2010.  The defendant's crimes were complete long before the civil process worked, and charges could have

been filed as of the date the bankruptcy was filed.  <u>United States v. Wagner</u>, 382 F.3d 598, 606-10 (6th Cir. 2004).

      B.    <u>The fact that the civil process eventually worked is no defense to bankruptcy crimes</u>.

The trustee in this case eventually recovered concealed assets and made distributions to satisfy 100% of the claims of creditors of whom he was aware during this protracted bankruptcy case.  Facts concerning recovery of those assets and distributions that were made will be part of the government's proof that the assets did belong to the estate of the debtor and should have been disclosed on the date of filing.  Those facts, however, provide no defense to the crimes charged.

The Ninth Circuit has specifically held that it is no defense that the defendant did not profit from the concealment, <u>United States v. Weinstein</u>, 834 F.2d 1454, 1462 (9th Cir. 1987), and that materiality does not require proof of injury to the creditors. <u>United States v. Lindholm,</u> 24 F.3d 1078, 1083 (9th Cir. 1994) (<u>quoting</u> <u>United States v. O'Donnell</u>, 539 F.2d 1233, 1237 (9th Cir. 1976)).  Other Circuits have held that a defendant's good faith belief in the lawfulness of his conduct is not a defense, <u>United States v. Zehrbach</u>, 47 F.3d 1252, 1262 (3d Cir. 1995) (<u>en banc</u>); that it is no defense that the victims did not lose some or all of their money, <u>United States v. Vincent</u>, 416 F.3d 593, 600-01 (7th Cir. 2005) (mail and wire fraud prosecution); nor is a defendant's confusion about the status of an asset in bankruptcy a defense, <u>United States v. Cherek</u>, 734 F.2d 1248 (7th Cir. 1984).

**GOVERNMENT'S MOTION TO TRANSFER VENUE AND EXCLUDE NEWLY-RAISED DEFENSE AS TO COUNTS THIRTEEN, FOURTEEN, AND FIFTEEN.**    **-7-**

WHEREFORE the Government respectfully requests that venue in this matter be transferred to the Boise Division and that the defendant be precluded *in limine* from raising the new defense of civil process resolution at any stage of the proceedings.

Respectfully Submitted this 14th day of April, 2011.

                                  WENDY J. OLSON
                                  UNITED STATES ATTORNEY

By:      /s/ *Michael J. Fica*
           MICHAEL J. FICA
           Assistant United States Attorney

By:      /s/ *James B. Nelson*
           JAMES B. NELSON
           Trial Attorney
           Environmental Crimes Section
           United States Department of Justice

**GOVERNMENT'S MOTION TO TRANSFER VENUE AND EXCLUDE NEWLY-RAISED DEFENSE AS TO COUNTS THIRTEEN, FOURTEEN, AND FIFTEEN.**     -8-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2011, the foregoing **GOVERNMENT'S MOTION TO TRANSFER VENUE AND EXCLUDE NEWLY-RAISED DEFENSE AS TO COUNTS THIRTEEN, FOURTEEN, AND FIFTEEN** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Eileen McGovern
eileen@echohawk.com

And, I hereby certify that the following listed non-registered CM/ECF participants were served by:

☐ United States Mail, postage prepaid
☐ Hand-delivery
☐ Facsimile transmission (fax)

___/s_____
Pamela Groves
Legal Assistant