IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SIDNEY R. DAVIS<br><br>Defendant. | Case No. 1:CR-10-211-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it five motions filed by the Government. On April 29, 2011, the Court held an evidentiary hearing, heard argument, and took the motions under advisement. The Court will resolve each motion below.

## LITIGATION BACKGROUND

Defendant Davis is charged with 15 counts, including allegations that he conspired with four others to violate the Lacey Act and committed six separate Lacey Act violations. He is also charged with wire fraud, mail fraud, and bankruptcy fraud, among other charges. The indictment alleges that Davis provided guiding services for hunting clients from his residence at the Trail Creek Lodge without a license in violation of Idaho law and the Lacey Act. The indictment also alleges that Davis (1) sold and transported wildlife in interstate commerce in violation of the Lacey Act; (2) defrauded hunting clients by collecting fees without rendering services, and (3)

**Memorandum Decision & Order - 1**

failed to disclose assets in his Chapter 7 bankruptcy.

The evidentiary hearing concentrated on the Government's motion to preclude Davis from pursuing at trial the advice-of-counsel defense to the bankruptcy fraud charge. At that hearing, the Government called Davis's bankruptcy attorney, Criss James. The defense countered by calling Davis. The Court admitted into evidence 6 exhibits.

## ANALYSIS

### Government's Motion to Exclude Defenses of Vendetta and Estoppel

The Government seeks to preclude Davis from raising defenses that (1) the Government waited too long to charge him (the estoppel defense), and (2) a Government agent had a personal bias against Davis (the vendetta defense).

With regard to the estoppel defense, Davis represents that he will not argue that defense. With regard to the vendetta defense, Davis seeks to prove that the agent who pursued him on earlier Lacey Act charges – Agent Hlavata – had a personal bias against Davis and was a business competitor who would benefit financially if Davis lost his license and was forced to shut down his guiding business.

The Government responded that it will not be calling Agent Hlavata in its case-in-chief, and concedes that if he does testify, "defendant should be allowed to inquire as to any potential bias or vendetta that Hlavaty had against defendant." *See Government Reply Brief (Dkt. 33)* at p. 2. Davis makes no showing that the vendetta defense is relevant in the absence of Hlavata's testimony. Because it appears that Hlavata will not testify, the Court will grant this motion. Obviously, the Court's ruling is subject to change if the assumptions on which it is based change, *i.e*, that Hlavaty testifies.

**Memorandum Decision & Order - 2**

### Motion to Exclude Advice of Counsel Defense

The gist of the Government's evidence and argument is that Davis should be precluded from using the advice-of-counsel defense because the evidence is clear that he failed to make full disclosure to his bankruptcy attorney. For example, the Government argues that Davis failed to tell his bankruptcy attorney about his (1) interest in a five acre parcel of real property, and (2) claim against Karl Malone, among other matters. At the evidentiary hearing, Davis's bankruptcy attorney – Criss James – testified that (1) Davis did not tell him that he owned the five acre parcel, and (2) Davis told him that he had transferred his claim against Karl Malone to another person. Other evidence indicated that at the time of the bankruptcy, Davis did own the five acres; moreover, two months after the bankruptcy, Davis filed a complaint in state court against Karl Malone, including himself individually as a plaintiff. *See Exhibit 5.*

Such evidence might warrant summary judgment in a civil proceeding. But there is no summary judgment in criminal cases. *U.S. v. Blanton*, 476 F.3d 767, 771 (9th Cir. 2007). The Government is essentially asking the Court to rule that Davis's evidence is insufficient to raise this defense at trial, but the criminal rules do not "provide for a pre-trial determination of the sufficiency of the evidence." *Id.*

The cases cited by the Government do not compel a different conclusion. For example, *Bisno v. U.S.*, 299 F.2d 711 (9th Cir. 1961) involved a challenge to the lack of a jury instruction on the advice-of-counsel defense rather than an exclusion of that defense based on insufficient evidence. The Government has not cited any cases where a court excluded the advice-of-counsel

**Memorandum Decision & Order - 3**

defense before trial based on insufficient evidence.[1]

For these reasons, the Court will deny this motion.

**Motion to Admit Other Acts Evidence**

The Government seeks to introduce the following "other crimes or acts" under Rule of Evidence 404(b): (1) Davis chose to surrender his valid licenses rather than face prosecution for State wildlife offenses; (2) Davis subsequently pled guilty to Lacey Act offenses based on the provision of unlicensed guiding services; and (3) In that case, Davis's probation was revoked because he continued to hold himself out as an outfitter.

The indictment in this case alleges, among other things, that Davis engaged in a conspiracy to violate the Lacey Act and also committed six separate Lacey Act violations. The "other acts" listed above are all admissible as inextricably intertwined with the charged conduct, *U.S. v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004), and as proof of intent and knowledge under Rule 404(b). *U.S. v. Cruz-Garcia*, 344 F.3d 951, 954 (9th Cir. 2003). The probative value is high enough that it is not substantially outweighed by the danger of unfair prejudice under Rule 403.

The Court will therefore grant this motion. However, at oral argument, Davis's counsel indicated that she may enter into a stipulation with the Government on these matters. A

---

[1] At the evidentiary hearing, the Court asked the Government for a case that so held. The Government had no case at that time, but after the hearing e-mailed to all counsel and the Court the case of *U.S. v. Fletcher*, 47 F.3d 1176 (9th Cir. 1995)(unpublished), noting that it was unpublished. Because it was unpublished, and issued prior to 2007, it has no precedential value. *See Ninth Circuit Rule 36-3(a).* In any event, the case simply affirmed the exclusion of a single witness who had no personal knowledge of any aspect of the advice of counsel defense and whose proffered "expert" testimony on the issue was found to be cumulative and irrelevant. The case did not affirm a trial court's pre-trial exclusion of the advice of counsel defense on the basis of insufficient evidence.

**Memorandum Decision & Order - 4**

stipulation might change the Rule 403 analysis, *see Old Chief v. U.S.*, 519 U.S. 172 (1997), but the Court makes no finding on this issue because no stipulation is before the Court. At this point, the Court will grant the Government's motion.

**1.**     **Government Motion To Change Venue and Preclude Davis from Raising Defense**

The Court has examined the Government's argument to change venue and finds it unpersuasive. While the Government suggests taking other actions short of changing venue, the Court finds that the comments of counsel during oral argument demonstrate that no such actions need be imposed.

This motion also seeks to preclude Davis from raising a defense at trial that the civil resolution of his bankruptcy prevents him from being criminally charged with bankruptcy fraud. But Davis has represented that he will not raise that defense.

Accordingly, the Court can find no reason to grant this motion.

**Government Motion to Admit Co-Conspirator Statement**

This motion is dependent on the testimony and evidence at trial and not amenable to resolution in a pre-trial proceeding. Accordingly, the Court will deny the motion at this time, and await trial to make rulings on the admissibility of co-conspirator statements.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude certain defenses at trial (vendetta and estoppel defenses) (docket no. 20) is GRANTED.

IT IS FURTHER ORDERED, that the motion to admit "other acts" evidence (docket no. 21) is GRANTED.

IT IS FURTHER ORDERED, that the amended motion to exclude the advice of counsel defense (docket no. 22) is DENIED.

IT IS FURTHER ORDERED, that the motion to admit co-conspirator statements (docket no. 23) is DENIED without prejudice to the right of the Government to seek to admit the statements at trial.

IT IS FURTHER ORDERED, that the motion to change venue and exclude defense (docket no. 28) is DENIED.

DATED: **May 3, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge